**MILSTEIN ADELMAN, LLP**
Paul D. Stevens, State Bar No. 207107
E-mail: pstevens@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

HLC PROPERTIES, LTD., a Nevada Limited Partnership,

Plaintiff,

v.

CD LISTENING BAR, INC., a California Corporation doing business as Super D, Phantom Distribution, Super D Phantom, and Phantom Sound and Vision; Bruce Ogilvie, an individual, and DOES 1 THROUGH 10, inclusive,

Defendants.

Case No.: SACV-11-1556 –JST (JPRx)

[Assigned to Hon. Josephine Stanton Tucker]

**CONSENT PROTECTIVE ORDER**

Having filed an Amended Joint Stipulation for Entry of Consent Protective Order, the above captioned parties (herein "Parties") agree that this action may involve the production or disclosure of confidential, sensitive or proprietary business information, or trade secrets (collectively referred to as "Confidential Information"), and hereby stipulate, subject to approval by the Court, to the following as a Protective Order which shall govern the production or disclosure of Confidential Information to ensure the continued confidentiality and that no competitive advantage is obtained by

any person.

This Protective Order shall govern the production or disclosure of all Confidential Information produced by the parties or their agents during the course of discovery, hearings or trial in this suit. In addition, the parties contemplate that Confidential Information may be produced by non-parties. Any portion of a deposition transcript, hearing transcript, pleading or other document into which Confidential Information is placed or quoted shall also be considered Confidential Information.

**DESIGNATION**

In connection with discovery proceedings in this action, any party may designate any non-public document, material, or information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY."

"CONFIDENTIAL" means non-public testimony, information, documents, and data which constitute confidential business or technical information.

"CONFIDENTIAL - ATTORNEY'S EYES ONLY" means non-public testimony, information, documents, and data which constitute confidential business or technical information which is reasonably considered by a party to be highly sensitive because at the time the documents or information are produced they contain competitive business information such as customer lists, trade secrets, product design information, marketing or sales information or cost, price, profitability or other similar

financial information.

Information shall not be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the content or substance thereof (a) is, at the time of disclosure, generally available to the public in print or other tangible form through no act or failure to act on the part of the receiving party or (b) becomes, at any time, through no act or failure to act on the part of the receiving party, generally available to the public in print or other tangible form.

Entering into this Amended Joint Stipulation, producing or receiving Confidential Information or otherwise complying with the terms of this Protective Order shall not prejudice in any way the rights of a producing party to object to the production of information on any other grounds. No party has conceded (or shall be deemed to have conceded by agreement to this Joint Stipulation) that any information or material marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by any other party or nonparty is confidential under applicable law, but a receiving party shall abide by the terms of this Protective Order until such time as a ruling has been obtained from the Court concerning the confidentiality of any disputed material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or until an agreement has been reached between the producing party and receiving party concerning the designated material at issue.

**NOTICE AND MARKINGS**

Any documents, material or information may be designated "CONFIDENTIAL" or “CONFIDENTIAL - ATTORNEY'S EYES ONLY” by stamping the legend “CONFIDENTIAL” or “CONFIDENTIAL - ATTORNEY'S EYES ONLY” on each page of the documents, material or information prior to production.

All deposition testimony shall be considered to contain Confidential Information subject to this protective order; however, such designation shall expire thirty (30) days after delivery of the deposition transcript to the parties unless a party designates all or part of the deposition transcript as "CONFIDENTIAL" or “CONFIDENTIAL - ATTORNEY'S EYES ONLY”.

**INADVERTENT FAILURE TO DESIGNATE**

Failure to designate or stamp as “CONFIDENTIAL” or “CONFIDENTIAL - ATTORNEY'S EYES” at the time of production shall not be a waiver of the protection for Confidential Information provided that counsel promptly notifies the receiving party upon realizing the failure. However, the receiving party shall not be in violation of this Protective order for any disclosure of information made prior to receiving such notice.

**OBJECTION TO DESIGNATION**

If a party receiving designated Confidential Information objects to the designation, it shall treat the information as it is designated until the parties, and non-parties if the case may be, resolve the dispute by agreement or by order of the Court. In the event that a dispute concerning designated Confidential Information is brought before the Court, the designating party or non-party shall have the burden of establishing that the designation is proper.

**USE OF CONFIDENTIAL INFORMATION**

All Confidential Information as defined herein shall be used solely for the purpose of this action.

Confidential Information which has been designated "CONFIDENTIAL" shall be disclosed only to:

(1) Outside legal counsel and in-house counsel for a party and their employees or contractors (such as photocopy services) who are assisting them;

(2) Retained consultants and experts who have been retained by the party or its attorneys for this action, provided that each such expert executes a written "Acknowledgement" in the form attached, and provided that such expert does not become, at any time before settlement or entry of a final non-appealable judgment in this action, employed by, affiliated with or engaged by the receiving party as a

consultant outside of this litigation;

(3) Officers, directors, or employees of a party who, in the reasonable judgment of outside counsel for the party, require the information to assist in or evaluate this action, provided that each such person first executes a written "Acknowledgement" in the form attached;

(4) The Court and persons associated with or employed by the Court whose duties require access to the information;

(5) The author of the document and each recipient of a copy of the document, only insofar as the recipient is identified on the face of the document; and

(6) The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition.

Confidential Information, which has been designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be disclosed only to:

(1) Outside legal counsel for a party and their employees or contractors (such as photocopy services) who are assisting them;

(2) Retained consultants and experts who have been retained by a party or its attorneys for this action, provided that each such expert executes a written "Acknowledgement" in the form attached, and provided that such expert does not become, at any time before settlement or entry of a final non-appealable judgment in

this action, employed by, affiliated with or engaged by the receiving party as a consultant outside of this litigation;

(3) The author of the document and each recipient of a copy of the document, only insofar as the recipient is identified on the face of the document;

(4) The Court and persons associated with or employed by the Court whose duties require access to the information; and

(5) The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition.

**<u>INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION</u>**

If a producing party inadvertently discloses to the receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will promptly return such inadvertently produced item or items of information and all copies thereof upon either (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in

accordance with the Federal Rules of Civil Procedure.

**CONFIDENTIAL INFORMATION FROM A NON-PARTY**

If any non-party is to produce any documents or information to parties in this action that the non-party reasonably believes contains Confidential Information, the non-party shall have the same rights as the parties to designate documents and information as Confidential Information under this Protective Order. In addition to the aforementioned designation, a non-party is entitled under this agreement to: a) respond to a party's objection to the non-party's designation; b) written notice of a party's intent to file information the non-party has designated as containing Confidential Information as detailed below; and c) to make application to the Court pursuant to this agreement and LR 79-5 that the designated materials be filed under seal.

**FILING OF CONFIDENTIAL INFORMATION, NOTICE AND SEAL**

Any party seeking to file with the Court documents or information designated as containing Confidential Information shall provide the producing party or non-party at least ten (10) days prior to the anticipated filing date written notice identifying said documents. The party seeking to file such may file the identified documents after expiration of the ten days unless the producing party or non-party makes application to this Court pursuant to this agreement and LR 79-5 and obtains an order directing filing under seal or otherwise.

**OBLIGATIONS OF PARTIES**

Each of the parties named above and their counsel of record undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Confidential Information.

**LIMITATIONS TO APPLICABILITY**

This Protective Order has no effect upon and shall not apply to (a) any producing party's or nonparty's use of its own Confidential Information for any purpose; (b) a party's or nonparty's use of information developed or obtained independent of discovery in this action for any purpose, even if the same information has been designated as "CONFIDENTIAL" or 'CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order, provided that such information was developed or obtained by legal means and without breach of an obligation of confidence to the party or nonparty claiming is confidential nature.

**TERMINATION OF LITIGATION**

Within ninety (90) days of the final conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall (i) destroy or assemble and return to the producing party all Confidential Information, and (ii) shall destroy any outlines, summaries, abstracts, compilations, memoranda,

documents and the like which constitute, embody, contain, or disclose the contents of Confidential Information; except that Counsel may retain one archival copy of such which materials will otherwise remain subject to this Protective Order.

The terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

**ADDITIONAL PROTECTION**

Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

IT IS ORDERED that the above Consent Protective Order agreed to by the parties shall be made of record and govern the disclosure and use of confidential information in this action.

Dated: July 19, 2012

Hon. Jean P. Rosenbluth
United states Magistrate Judge

CONSENTED TO BY:

Dated: July 17, 2012

MILSTEIN ADELMAN, LLP

By: /S/ Paul D. Stevens
PAUL D. STEVENS
Attorney for Plaintiff
HLC PROPEERTIES, LTD.

ROPERS, MAJESKI, KOHN & BENTLEY

By: /S/ Thomas M. O'Leary
THOMAS M. O'LEARY
Attorney for Defendants CD
LISTENTING BAR, INC. AND BRUCE
OGILVIE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

HLC PROPERTIES, LTD., a Nevada Limited Partnership,

Plaintiff,

v.

CD LISTENING BAR, INC., a California Corporation doing business as Super D, Phantom Distribution, Super D Phantom, and Phantom Sound and Vision; Bruce Ogilvie, an individual, and DOES 1 THROUGH 10, inclusive,

Defendants.

Case No.: SACV-11-1556 –JST (JPRx)

[Assigned to Hon. Josephine Stanton Tucker]

**CONSENT PROTECTIVE ORDER**

I, ______________________________, hereby acknowledge receipt of a copy of the Stipulation and Protective Order ("Order") in the above captioned action. I am familiar with the provisions of the Order and agree to be bound by it. I agree not to copy or to use any Confidential Information for any purpose other than in connection with the instant action, and agree not to reveal any or all such Confidential Information to any person not authorized by this Order.

If I have been engaged by a party to serve as an expert in this lawsuit, I state

that I am not currently or formerly employed by or affiliated with any party or engaged as a consultant to any party except in connection with this lawsuit. I will not otherwise become employed by, affiliated with, or engaged as a consultant to a party to this lawsuit at any time before settlement or entry of a non-appealable judgment.

I further acknowledge and understand that for any violation of the provisions of said Order I am subject of the penalties of the Court and any and all penalties imposed upon me by law. I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Order and waive any and all objections to jurisdiction and venue with regard to the same.

Name : ___________________________ Date:__________________